

Z000041892

**BETHESDA HOSPITAL INC.**
**CORP. OFFICES**
**625 EDEN PARK DR.**
**CINCINNATI, OH 45202**

---

Date:   April 13, 2021                                            Case No. : CV 2021 04 0505
                 JEFFREY HANNAH vs. BETHESDA HOSPITAL INC. et al

---

### SUMMONS ON COMPLAINT BY CERTIFIED MAIL
### COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

To the above named party: You are hereby summoned to answer a complaint that has been filed against you in the Butler County Common Pleas Court by the plaintiff(s) named herein. A copy of the complaint is attached.

You are required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if there is no attorney of record, a copy of your answer to the complaint within 28 days after receipt of this summons, exclusive of the day of service. The answer must be filed with this court within three days after service on Plaintiff's attorney.

The name and address of the plaintiff(s) attorney is as follows:

>   BRUCE, MATTHEW G
>   SPECTRUM OFFICE TOWER,
>   11260 CHESTER RD SUITE 825
>   CINCINNATI, OH 45246

If you fail to appear and defend, judgment by default may be taken against you for the relief demanded in the complaint.

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By: <u>Norma Martin</u>
Deputy Clerk

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016



Z000041893

**BETHESDA HOSPITAL INC.**
**3125 HAMILTON MASON RD.**
**HAMILTON, OH 45011**

---

Date: April 13, 2021      Case No. : CV 2021 04 0505
JEFFREY HANNAH vs. BETHESDA HOSPITAL INC. et al

---

## SUMMONS ON COMPLAINT BY CERTIFIED MAIL
## COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

To the above named party: You are hereby summoned to answer a complaint that has been filed against you in the Butler County Common Pleas Court by the plaintiff(s) named herein. A copy of the complaint is attached.

You are required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if there is no attorney of record, a copy of your answer to the complaint within 28 days after receipt of this summons, exclusive of the day of service. The answer must be filed with this court within three days after service on Plaintiff's attorney.

The name and address of the plaintiff(s) attorney is as follows:

    BRUCE, MATTHEW G
    SPECTRUM OFFICE TOWER,
    11260 CHESTER RD SUITE 825
    CINCINNATI, OH 45246

If you fail to appear and defend, judgment by default may be taken against you for the relief demanded in the complaint.

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By: <u>Norma Martin</u>
Deputy Clerk



Z000041894

**BETHESDA HOSPITAL INC.**
**C/O OSAC, INC. (STAT. AGENT)**
**100 S. THIRD STREET**
**COLUMBUS, OH 43215**

---

Date: April 13, 2021                Case No. : CV 2021 04 0505
JEFFREY HANNAH vs. BETHESDA HOSPITAL INC. et al

---

### SUMMONS ON COMPLAINT BY CERTIFIED MAIL
### COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

To the above named party: You are hereby summoned to answer a complaint that has been filed against you in the Butler County Common Pleas Court by the plaintiff(s) named herein. A copy of the complaint is attached.

You are required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if there is no attorney of record, a copy of your answer to the complaint within 28 days after receipt of this summons, exclusive of the day of service. The answer must be filed with this court within three days after service on Plaintiff's attorney.

The name and address of the plaintiff(s) attorney is as follows:

    BRUCE, MATTHEW G
    SPECTRUM OFFICE TOWER,
    11260 CHESTER RD SUITE 825
    CINCINNATI, OH 45246

If you fail to appear and defend, judgment by default may be taken against you for the relief demanded in the complaint.

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By: Norma Martin
Deputy Clerk

---

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org



Z000041895

**CHRISTOPHER LEWIS**
**C/O BETHESDA HOSPITAL, INC.**
**3125 HAMILTON MASON RD.**
**HAMILTON, OH 45011**

Date: April 13, 2021  Case No. : CV 2021 04 0505
JEFFREY HANNAH vs. BETHESDA HOSPITAL INC. et al

### SUMMONS ON COMPLAINT BY CERTIFIED MAIL
### COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

To the above named party: You are hereby summoned to answer a complaint that has been filed against you in the Butler County Common Pleas Court by the plaintiff(s) named herein. A copy of the complaint is attached.

You are required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if there is no attorney of record, a copy of your answer to the complaint within 28 days after receipt of this summons, exclusive of the day of service. The answer must be filed with this court within three days after service on Plaintiff's attorney.

The name and address of the plaintiff(s) attorney is as follows:

BRUCE, MATTHEW G
SPECTRUM OFFICE TOWER,
11260 CHESTER RD SUITE 825
CINCINNATI, OH 45246

If you fail to appear and defend, judgment by default may be taken against you for the relief demanded in the complaint.

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By: Norma Martin
Deputy Clerk

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

FILED
MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURTS
04/09/2021 12:05 PM
CV 2021 04 0505

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

| | |
|---|---|
| JEFFREY HANNAH<br>7459 Whispering Way<br>Cincinnati, OH 45241<br><br>          Plaintiff,<br><br>          v.<br><br>BETHESDA HOSPITAL, INC.<br>d/b/a TriHealth<br>3125 Hamilton Mason Rd.<br>Hamilton, OH 45011<br><br>    **Serve Also:**<br>    Bethesda Hospital, Inc.<br>    c/o OSAC, Inc. (Stat. Agent)<br>    100 S. Third Street<br>    Columbus, OH 43215<br><br>    -and-<br><br>    Bethesda Hospital, Inc.<br>    Corp. Offices<br>    625 Eden Park Dr.<br>    Cincinnati, OH 45202<br><br>-and-<br><br>CHRISTOPHER LEWIS<br>c/o Bethesda Hospital, Inc.<br>3125 Hamilton Mason Rd.<br>Hamilton, OH 45011<br><br>          Defendant. | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED<br>HEREIN** |

Plaintiff JEFFREY HANNAH by and through undersigned counsel, as his Complaint against the Defendants, states and avers the following:

**PARTIES, JURISDICTION, & VENUE**

1. Hannah is a resident of the city of Cincinnati, Hamilton County, state of Ohio.

2. Defendant BETHESDA HOSPITAL, INC. ("Bethesda") is a non-profit hospital that conducts business within the state of Ohio. The relevant location of the events and omissions of this Complaint took place was at Bethesda's location at 3125 Hamilton Mason Rd., Hamilton, OH 45011 and at its other locations.

3. Bethesda is, and was at all times hereinafter mentioned, Hannah's employer within the meaning of Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2617 et seq. and R.C. § 4112 et seq.

4. Upon information and belief, Defendant CHRISTOPHER LEWIS is a resident of the state of Ohio.

5. Defendant Lewis is and/or was an employee of Bethesda.

6. Defendant Lewis did, and at all times hereinafter mentioned, acted directly or indirectly in the interest of Bethesda and/or within the scope of his employment at Bethesda.

7. At all relevant times referenced herein, Defendant Lewis supervised and/or controlled Hannah's employment at Bethesda.

8. At all times referenced herein, Defendant Lewis was Hannah's employer within the meaning of the FMLA and R.C. 4112 et seq.

9. Therefore, personal jurisdiction is proper over Defendants pursuant to Ohio Revised Code §2307.382(A)(1), (2), and/or (3).

10. Venue is proper pursuant to Civ. R. 3(B)(1), (2), (3), and/or (6).

11. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

12. Hannah is a former employee of Bethesda.

13. At all times noted herein, Hannah was qualified for his position with Bethesda and could fully perform the essential functions of his job, with or without a reasonable accommodation.

14. Hannah is age 61 and thus is in a protected class for his age.

15. Hannah is also in a protected class for disability, discussed infra.

16. Hannah worked for Bethesda as a public safety officer from January 2016 until Bethesda terminated Hannah's employment on or about June 4, 2020.

17. Notably, Hannah was an armed guard and had his Ohio Peace Officer Training Academy ("OPOTA") certification to carry a firearm.

18. Hannah was originally hired to Bethesda after interviews with Jevin Pennington (Oak Street site Department manager, at that time), Kevin Grider (officer), the then-current security director (whose name Hannah cannot recall), and another man.

19. Shortly after the interviews, Hannah was offered the job, which went well during his early employment.

20. Hannah started at the Oak Street address and transferred to Bethesda Butler in or around Spring 2016.

21. Hannah then began answering to Gene Dubillous (security supervisor, late 50s/early 60s), and was transferred to Bethesda North a few months later.

22. Hannah returned to Bethesda Butler in or around late 2017/early 2018, and finished the rest of his employment at that location.

23. Hannah had knee surgeries in 2017 and 2018, for which he applied for and received continuous FMLA leave. This placed him in the protected class for disability and gave notice thereof to Bethesda.

3

24. In or around January 2020, Defendant Lewis (first shift security officer, early 40s) was brought to the Bethesda Butler site despite the hospital's president's wishes.

25. Lewis had a history of bullying his coworkers, including Hannah, though Hannah did not stand for it.

26. Though the two had hashed out their issues previously, Lewis continued his bullying attempts at the new site anyway.

27. Lewis constantly undermined and questioned Hannah's competence and worked toward getting Hannah fired. He did not do the same to younger and able-bodied employees.

28. Notably, at the time of Hannah's termination, around six different officers (the youngest being in his mid-40s) resigned because of Lewis.

29. In or around March 2020, the COVID-19 pandemic fully hit the United States and many states went into quarantines.

30. Unfortunately, as a result, Bethesda had to postpone its firearms training for a few weeks.

31. Thrice before that training course, Lewis told Hannah that, because he had his OPOTA certification, he need not take the Bethesda course too.

32. Through early 2020, Lewis continued his efforts to discipline and harass Hannah.

33. Lewis repeatedly asked several other officers if they knew whether Hannah did drugs or was an alcoholic.

34. Hannah, unsurprisingly, did not appreciate the false allegations.

35. Hannah was often red in the face due to his high blood pressure and because he was working two jobs at once.

36. Hannah had reported his high blood pressure to Bethesda, constituting additional notice of his disability and thus the protected class, but evidently his looks caused Lewis to perceive Hannah as an addict (also placing Hannah in the protected class for a perceived disability).

37. In or around early June 2020, Bethesda ran its firearms training course.

38. Hannah, wanting to ensure that Lewis did not have reason to fire him, took the course anyway. Unfortunately, that same day, his blood pressure soared again.

39. This flare-up caused Hannah's vision to fade some and he announced the issue to Lewis and Jeff Lewis (security north region manager, late 30s/early 40s) prior to the test.

40. Hannah took the test anyway and unfortunately failed by only one point, despite the flare-up.

41. The following day, Lewis placed Hannah on administrative leave with no return date, citing the failed test.

42. To reiterate, this was despite that Lewis himself had told Hannah previously that the test was unnecessary for him anyway due to his OPOTA certification.

43. Roughly two weeks later, an HR representative called Hannah and communicated that this leave was effectively his termination.

44. Hannah asked if there was an ability to appeal, which HR said they would begin, but roughly one-and-one-half months later, Lewis told Hannah his termination had been upheld.

45. Hannah was not allowed to present any evidence or defend himself in any way in this appeal, and so he suspects that the appeal never actually happened. This was an adverse action against him as Defendants refused to follow their employment policies.

46. Hannah called HR again after and received no useful response.

47. Additionally, Hannah had reported Lewis to his superiors for bullying based on protected class reasons prior to the end of his employment – a protected complaint.

48. Lewis, not happy that a subordinate refused to be walked over, then retaliated against Hannah and fired him for pretextual reasons.

49. Bethesda did not follow its progressive discipline policy when terminating Hannah's employment.

50. Bethesda's refusal to follow its policy was an adverse employment action against Hannah.

51. Defendants' termination of Hannah was an adverse employment action against him.

52. Defendants' purported reason(s) for Hannah's termination was pretextual.

53. Defendants actually terminated Hannah's employment discriminatorily against his age, his disabilities, to retaliate against his use of FMLA, and/or in retaliation against his protected complaints.

54. As a result of the above, Hannah has suffered damages.

**COUNT I: AGE DISCRIMINATION IN VIOLATION OF R.C. §4112, et seq.**

55. Hannah restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

56. Hannah is 61 years old, and thus is in a protected class for his age.

57. R.C. § 4112 et seq. provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's age.

58. Defendants treated Hannah differently than other similarly situated employees based upon his age.

59. Defendants' termination of Hannah was an adverse employment action against him.

60. Defendants' purported reason(s) for Hannah's termination was pretextual.

6

61. Defendants actually terminated Hannah's employment due to his age.

62. Defendants violated § 4112.14(B) by terminating Hannah's employment because of his age.

63. Defendants violated R.C. § 4112.14(B) by treating Hannah differently from other similarly situated employees outside his protected class.

64. Defendants violated § 4112.14(B) by applying their employment policies in a disparate manner based on Hannah's age.

65. Defendants violated § 4112.14(B) by applying their disciplinary policies in a disparate manner based on Hannah's age.

66. Hannah incurred emotional distress damages as a result of Defendants' conduct described herein.

67. As a direct and proximate result of Defendants' acts and omissions, Hannah has suffered and will continue to suffer damages.

**COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112, et seq.**

68. Hannah restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

69. Hannah is in a protected class for his actual and/or perceived disabilities (described supra).

70. R.C. § 4112 et seq. provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's disabilities.

71. Defendants treated Hannah differently than other similarly situated employees based upon his disability.

72. Defendants violated R.C. § 4112.02 and R.C. § 4112.99 by treating Hannah differently from other similarly situated employees outside his protected class.

73. Defendants violated R.C. § 4112.02 and R.C. § 4112.99 by applying their employment policies in a disparate manner based on Hannah's disability.

74. Defendants violated R.C. § 4112.02 and R.C. § 4112.99 by applying their disciplinary policies in a disparate manner based on Hannah's disability.

75. Hannah incurred emotional distress damages as a result of Defendants' conduct described herein.

76. As a direct and proximate result of Defendants' acts and omissions, Hannah has suffered and will continue to suffer damages.

## COUNT III: RETALIATION

77. Hannah restates each and every prior paragraph of this complaint, as if it were fully restated herein.

78. As a result of the Defendants' discriminatory conduct described above, Hannah complained of the discrimination, harassment, and disparate treatment he was experiencing.

79. Subsequent to Hannah's complaints to management about harassment, bullying, and disparate treatment toward him, Defendants took adverse employment actions against Hannah, including, but not limited to, terminating his employment.

80. Defendants' actions were retaliatory in nature based on Hannah's opposition to the unlawful discriminatory conduct.

81. Pursuant to R.C. § 4112 et seq., it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

82. As a direct and proximate result of Defendants' retaliatory discrimination against and discharge of Hannah, he has suffered and will continue to suffer damages.

## COUNT IV: RETALIATION IN VIOLATION OF THE FMLA

83. Hannah restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

84. During his employment, Hannah qualified for and attempted to take intermittent FMLA leave.

85. Defendants knew Hannah took FMLA leave.

86. After Hannah utilized his qualified FMLA leave, Defendants retaliated against him.

87. Defendants terminated Hannah's employment.

88. Hannah's termination was an adverse employment action against him.

89. Defendants' proffered reason for Hannah's termination was pretextual.

90. There was a causal link between Hannah's medical leave under the FMLA and Defendants' termination of Hannah's employment.

91. Defendants actually terminated Hannah for his FMLA use.

92. Defendants retaliated against Hannah by terminating his employment.

93. Defendants' actions show that it willfully retaliated against Hannah in violation of U.S.C. § 2615(a).

94. As a direct and proximate result of Defendants' wrongful conduct, Hannah is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## DEMAND FOR RELIEF

WHEREFORE, Hannah demands from Defendants the following:

a) Issue a permanent injunction:

   i. Requiring Defendants to abolish discrimination, harassment, and retaliation;

   ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

   iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

   iv. Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

   v. Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendants to expunge his personnel file of all negative documentation;

c) An award against each Defendants for compensatory and monetary damages to compensate Hannah for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against each Defendants in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Hannah's claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

                                      Respectfully submitted,

                                     __/s/ Matthew G. Bruce, Esq._____
                                     Matthew G. Bruce (0083769)
                                           Trial Attorney
                                     Evan R. McFarland (0096953)
                                     **THE SPITZ LAW FIRM**
                                     Spectrum Office Tower
                                     11260 Chester Road, Suite 825
                                     Cincinnati, OH 45246
                                     Phone: (216) 291-0244 x173
                                     Fax:    (216) 291-5744
                                     Email: Matthew.Bruce@SpitzLawFirm.com
                                     Email: Evan.McFarland@SpitzLawFirm.com

                                     Attorneys for Plaintiff Jeffrey Hannah

## JURY DEMAND

Plaintiff Jeffrey Hannah demands a trial by jury by the maximum number of jurors permitted.

    /s/ Matthew G. Bruce, Esq.
Matthew G. Bruce (0083769)